UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HECTOR BARRIOS ROJAS,

Petitioner(s),

v.

BRUCE SCOTT,

Respondent(s).

CASE NO. C26-4256-KKE

ORDER GRANTING UNOPPOSED HABEAS PETITION

After Petitioner was arrested and detained by Immigration and Customs Enforcement officers on September 29, 2026, he filed a petition for a writ of habeas corpus under 28 U.SC. § 2241. Dkt. No. 4. His petition argues that the officers lacked an individualized basis to arrest him, and that his arrest and continued detention violate his constitutional right to due process. *Id.* at 7–8. Petitioner also asserts that he has been granted asylum. *Id.* at 7. Petitioner requests release from detention. *Id.* at 9.

The Court issued a scheduling order instructing Respondent to "show cause why the writ of habeas corpus should not be granted[.]" Dkt. No. 6 at 1. The Government[1] filed an "abbreviated return" requesting only "that this Court decide whether a writ should be granted based on the

[1] The United States appeared as an interested non-party on behalf of U.S. Immigration and Customs Enforcement Acting Seattle Field Office Director Julio Hernandez; U.S. Department of Homeland Security ("DHS") Secretary Markwayne Mullin; DHS; and Acting U.S. Attorney General Todd Blanche. Dkt. No. 8, Dkt. No. 10 at 1 n.1. This order refers to the United States as "the Government."

Petition and related filings." Dkt. No. 10. The abbreviated return does not contain legal argument or any factual assertions.

"In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal ... we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

Here, Petitioner argues that he has been granted asylum and that the Government lacked a lawful basis to arrest and detain him. Dkt. No. 4. Assuming that, as Petitioner alleges, he has lawful status to remain in the United States, his petition should be granted. And although the Government has full access to the relevant facts concerning Petitioner's detention, it has offered no factual or legal basis to rebut his petition. Under these circumstances, "the Court is not duty-bound to go find a reason for them—indeed the party presentation principle requires it to do the opposite." *Charles Alexander Ponzon Deroy v. Warden*, No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). And the Government's election not to oppose the petition constitutes forfeiture of the arguments it *could* have made. *Id.* (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")). Because the Government has declined to present a defense in this case, the Court construes the habeas petition as intentionally unopposed and finds that the Government has waived any challenge to the arguments raised in the petition. *See Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026). As many other courts have found in such

circumstances, the petition should be granted based on the Government's "failure to oppose the primary relief sought." *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also id.* ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

In sum, the Government has failed to meet its burden to show cause why the writ of habeas corpus should not be granted. The Court therefore GRANTS the unopposed petition (Dkt. No. 4) and ORDERS that Petitioner shall be released from detention no later than November 20, 2026. The Government shall file a status report no later than November 25, 2026, confirming Petitioner's release in compliance with this order.

Dated this 19th day of November, 2026.

Kymberly K. Evanson
United States District Judge